10-456-ag
Diallo v. Holder

BIA
Mulligan, IJ
A098 278 787

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand ten.

PRESENT:
ROGER J. MINER,
JOSEPH M. McLAUGHLIN,
ROBERT A. KATZMANN,
_Circuit Judges._

_____

THIERNO ABDOULAYE DIALLO,
_Petitioner,_

v.                                          10-456-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
_Respondent._

_____

FOR PETITIONER:        Ronald S. Salomon, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer Paisner Williams,
                       Senior Litigation Counsel; Lauren E.
                       Fascett, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Thierno Abdoulaye Diallo ("Diallo"), a native and citizen of Guinea, seeks review of a January 8, 2010 order of the BIA, affirming the February 15, 2008 decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying Diallo's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Diallo,* No. A098 278 787 (B.I.A. Jan. 8, 2010), *aff'g* No. A098 278 787 (Immigr. Ct. N.Y. City Feb. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, where "the BIA agrees with the IJ's conclusion that a petitioner is not credible," we review both the IJ's and the BIA's decisions "for the sake of completeness." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *see Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to

2

conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) ("The substantial evidence standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." (internal quotation marks and citations omitted)).

Although we generally afford particular deference to an IJ's assessment of an applicant's demeanor, *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), we have never held that a demeanor finding alone is substantial evidence sufficient to support an adverse credibility determination, *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (holding that this Court can be "more confident in [its] review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony"); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) ("Although credibility determinations are entitled to the same deference on review as other factual determinations, the fact that the [agency] has relied primarily on credibility grounds . . . cannot insulate the decision from review."). Indeed, we have indicated in other cases that certain factors standing alone may not be sufficient to

3

support an IJ's denial of relief. *Cf. Kone v. Holder*, 596 F.3d 141, 148 (2d Cir. 2010) (holding that the mere fact that a petitioner took voluntary trips back to his home country, standing alone, does not suggest either any fundamental change in circumstances or the possibility of internal relocation); *Diallo v. I.N.S.,* 232 F.3d 279, 287 (2d Cir. 2000) (holding that a failure to corroborate one's testimony with supporting evidence cannot form the sole basis for an adverse credibility determination). Here, the IJ based his adverse credibility determination solely on Diallo's demeanor, and, although the IJ noted that Diallo became increasingly nervous during cross-examination, he did not point to any specific portions of testimony or anything else in the record to support the adverse credibility determination. Because the BIA has not addressed whether a demeanor finding alone is sufficient ground for an adverse credibility determination, *see, e.g., Matter of A-S-,* 21 I. & N. Dec. 1106 (B.I.A. 1998), we remand for the BIA to address the issue in the first instance.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case REMANDED for further proceedings consistent with this Order. As we have completed our review, any stay of removal that the

4

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk