10-2178-ag
Lin v. Holder

BIA
Mulligan, IJ
A089 252 791

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of August, two thousand eleven.

PRESENT:

> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges.*

_____

FENG LIN,
> *Petitioner,*

> v.                                                     10-2178-ag
>                                                        NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Feng Li, Moslemi and Associates, Inc., New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Nairi S. Gruzenski, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Feng Lin, a native and citizen of the People's Republic of China, seeks review of the May 4, 2010 order of the BIA affirming the July 31, 2008 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin*, No. A089 252 791 (B.I.A. May 4, 2010), *aff'g* No. A089 252 791 (Immigr. Ct. N.Y. City July 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, where "the BIA agrees with the IJ's conclusion that a petitioner is not credible," we "review both the BIA's and IJ's opinions." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005)(per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam).

Although we generally afford "particular deference" to

2

an IJ's assessment of an applicant's demeanor, *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), we have never held that a demeanor finding alone is substantial evidence sufficient to support an adverse credibility determination, *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (holding that "we can be [] more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony"); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 177-78 (2d Cir. 2004) ("Although credibility determinations are entitled to the same deference on review as other factual determinations, the fact that the [agency] has relied primarily on credibility grounds . . . cannot insulate the decision from review."). Indeed, we have indicated in other cases that certain factors standing alone, including demeanor, may not be sufficient to support an IJ's denial of relief. *See Diallo v. Holder,* 399 F. App'x 678 (2d Cir. 2010) (summary order) (granting petition where IJ's adverse credibility determination was based solely on applicant's demeanor); *cf. Kone v. Holder*, 596 F.3d 141, 148 (2d Cir. 2010) (holding that voluntary trips back to one's home country, standing alone, do not suggest either any fundamental change in

3

circumstances or the possibility of internal relocation);

*Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000) (holding

that a failure to corroborate one's testimony with

supporting evidence cannot form the sole basis for an

adverse credibility determination).

In finding Lin not credible, the IJ based his

determination primarily on Lin's demeanor, and, although the

IJ noted that Lin exhibited a particularly nervous demeanor,

the IJ did not point to any specific portions of

inconsistent testimony or anything in the record to support

the demeanor finding.  Although the IJ additionally noted

that Lin testified that his mother attempted to obtain his

medical records in China, but failed to include that

information in her initial letter or submit any subsequent

statement, the IJ emphasized that he was giving that

omission or lack of corroboration limited weight and that

the adverse credibility determination was based primarily on

the negative demeanor finding.  Because the BIA has not

addressed whether a demeanor finding can form the sole or

primary basis for an adverse credibility determination when

the finding is not tied to any particular testimony, *see,*

*e.g., In re A-S-,* 21 I. & N. Dec. 1106, 1111-12 (B.I.A.

1998); *In re B-*, 21 I. & N. Dec. 66, 70 (B.I.A. 1995), and

4

when the only other ground is an omission that the IJ
acknowledged was being given reduced weight, we remand for
the BIA to address the issue in the first instance.

For the foregoing reasons, the petition for review is
GRANTED, the BIA's order is VACATED, and the case is
REMANDED for further proceedings consistent with this Order.
As we have completed our review, the pending motion for a
stay of removal in this petition is DISMISSED as moot

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

5