Yu v. Sessions

BIA
Cheng, IJ
A087 986 538

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand seventeen.

PRESENT:
        JOHN M. WALKER, JR.,
        PIERRE N. LEVAL,
        CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

CHUAN FENG YU,
        *Petitioner,*

        v.                          14-1569
                                      NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONER:        Chuan Feng Yu, pro se, Flushing, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Janette L. Allen, Senior

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Litigation Counsel; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Petitioner Chuan Feng Yu, a native and citizen of the People's Republic of China, seeks review of a February 25, 2014, decision of the BIA affirming the September 26, 2011, decision of an Immigration Judge ("IJ") denying Yu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chuan Feng Yu,* No. A087 986 538 (B.I.A. Feb. 25, 2014), *aff'g* No. A087 986 538 (Immig. Ct. N.Y. City Sept. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

## I.   Credibility

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim."   8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that the agency's credibility determination is not supported by the totality of the circumstances.

Although we have recognized that "[a]n inconsistency and an omission are, for . . . purposes [of an adverse credibility determination], functionally equivalent," the IJ mischaracterized the lack of certain details in Yu's application as omissions. *See Pavlova v. INS*, 441 F.3d 82, 91 (2d Cir. 2006) (concluding that an IJ may err in finding that a lack of detail in an application necessarily constitutes an

3

omission for purposes of an adverse credibility determination). Yu testified that the police beat him 30 to 40 times to keep him awake during his detention, and the IJ found that while Yu's application did state he was not permitted to sleep, it was troubling that Yu's application did not specify that he was beaten 30 to 40 times. Yu's application provided, however, that the police "didn't let [him] sleep or eat for two straight days. During this period, *they constantly cursed at [him] and beat [him] up."* Therefore, although Yu's application did not explicitly quantify the number of beatings, it did not omit that he was repeatedly beaten to keep him awake, and the IJ erred in concluding that Yu's failure to give a precise number was a significant omission from his application. *See id.* at 90 ("[A]sylum applicants are not required to list every incident of persecution on their I-589 statements.").

The IJ's demeanor finding, which is supported by only a single example from the record, is also problematic. An IJ's assessment of an applicant's demeanor generally merits "great deference." *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). The IJ concluded that Yu failed to answer directly three questions regarding why his wife would have to have an abortion. However, contrary to the IJ's finding, when the question was

4

phrased clearly, Yu was responsive, stating that the government rigorously enforces the family planning policy in his local area, and, because his first child was a boy, his wife was not allowed to have a second child. The initial questions posed related to how the forced abortion was accomplished (rather than to why his wife was subject to that penalty). Given the initial lack of clarity in the question, this single example of a lack of responsiveness does not support the IJ's conclusion that Yu was testifying from a script rather than from actual memory or that his demeanor alone was sufficient grounds for the adverse credibility determination, which is not a conclusion that we have previously embraced. *See Diallo v. Holder*, 399 F. App'x 678, 679 (2d Cir. 2010).

Given the foregoing errors, which relate to the IJ's most significant bases for the adverse credibility determination, we cannot conclude that remand would be futile. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 106-07 (2d Cir. 2006).

II. <u>Pretermission of Asylum</u>

Remand could be futile regarding asylum if the agency's timeliness finding is a valid alternative ground for denial. *Li Hua Lin*, 453 F.3d at 107. However, we cannot conclude that the agency's one-year bar ruling is a valid alternative basis.

5

An asylum application must be filed within one year of an applicant's arrival in the United States, absent changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the agency's pretermission of asylum on timeliness grounds is limited to "constitutional claims or questions of law." 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Yu's argument that the agency erred in discounting the testimony of his one-year witness presents an open legal question for review: whether an IJ who doubts the veracity of a written statement from a witness who is available for cross-examination must cross-examine that witness prior to discounting the witness's statement solely on the grounds that the witness is interested. "[A]n IJ is not merely the fact finder and adjudicator, but also has an obligation to establish and develop the record." *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006); *see also* 8 U.S.C. § 1229a(b)(1) ("The immigration judge *shall* administer oaths, receive evidence, and interrogate, examine, *and cross-examine the alien and any witnesses*." (emphasis added)). The Supreme Court has observed that "the crucible of cross-examination" is the "constitutionally prescribed method of assessing reliability" of testimonial statements. *Crawford v. Washington*, 541 U.S.

6

36, 61-62 (2004). Here, however, the IJ did not cross-examine Yu's one-year witness because the parties' had stipulated that she would testify consistently with her statement. Although we have approved of discounting "letters from relatives and friends" on the grounds that the authors are "interested witnesses who were not subject to cross-examination," *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012), neither we nor the BIA has addressed whether 8 U.S.C. § 1229a(b)(1) requires an IJ to cross-examine an available witness before discrediting a written statement solely on the ground that the author is an interested witness. We remand for the BIA to address in the first instance the extent of an IJ's duties under § 1229a(b)(1) in such a situation. *See Jian Hui Shao v. BIA*, 465 F.3d 497, 501 (2d Cir. 2006) ("[W]e conclude that the BIA is better situated than we are to decide the statutory interpretation question in the first instance.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending

7

motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

8