Li v. Sessions

BIA
Schoppert, IJ
A200 921 187

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> GUIDO CALABRESI,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YINGSHI LI,
> *Petitioner,*

v.                                          **16-3417**
                                            **NAC**

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Jay Ho Lee, New York, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Anthony W. Norwood, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Yingshi Li, a native and citizen of the People's Republic of China, seeks review of a September 16, 2016, decision of the BIA affirming an April 9, 2013, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yingshi Li*, No. A 200 921 187 (B.I.A. Sept. 16, 2016), *aff'g* No. A 200 921 187 (Immig. Ct. N.Y. City Apr. 9, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

In making an adverse credibility determination, the agency may rely on the applicant's "demeanor, candor, or responsiveness" as well as implausibility or inconsistency

2

in the applicant's statements and other record evidence; however, the "totality of the circumstances" must support the determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. We conclude that the errors in the adverse credibility determination mandate remand.

The agency engaged in impermissible speculation in relying on Li's statements at her asylum interview because no record of that interview was submitted into evidence. *See Tandia v. Gonzales*, 437 F.3d 245, 250 (2d Cir. 2006). The agency reasoned that the record was not needed because Li admitted to making the questionable statement that Thanksgiving was an important Christian holiday. The record does not reflect such a straightforward admission. In response to questions about her asylum interview, Li stated that she was "very nervous" during the interview, that "there's no Thanksgiving" in China, and that she does not know what happened when the asylum officer asked whether Thanksgiving Day was more important than the Sabbath. Only once did she respond, "Yes, I know," when

the Government asked, "Do you remember saying that?" It is not clear whether she meant she had said Thanksgiving was more important than the Sabbath or that she had expressed confusion during the interview. Compounding the confusion, the Government asked, "And you don't know why you said it?" and Li responded, "There is no why." Given the ambiguity of Li's responses, the BIA erred in distinguishing *Tandia* on the ground that Li admitted to making a specific statement. *See id.* (concluding that IJ impermissibly speculated that statements impugned credibility when interview was not in the record and petitioner could not recall what he said).

The IJ also erred in relying on Li's statements to a consular officer in assessing the credibility of her testimony in immigration court. The IJ noted that Li memorized a lengthy story to obtain a U.S. visa, and concluded that this "show[ed] that she has the ability . . . to memorize and recite an extended narrative which is not factual." But making false statements to flee persecution is entirely consistent with the pursuit of asylum. It is "unreasonable" to "penalize an applicant for lying to escape a country where he or she faces persecution." *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir. 2006).

4

The IJ's drawing of an equivalence between Li's statements to the consulate and her testimony is unwarranted given the differing contexts in which the statements were made. *Id.*

Finally, absent any other valid grounds for the adverse credibility determination, the demeanor finding is not supported by substantial evidence. The entirety of the demeanor finding is that Li's testimony appeared "to be rehearsed to reflect the recitation of a story that she had learned, rather than real life events." The IJ provided no reasoning or citation to problematic testimony. Although we generally give "particular deference" to an "adjudicator's observation of the applicant's demeanor," the finding here lacks any link to the record or sufficient reasoning to allow for judicial review. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (observing that demeanor findings are more reliable when supported by "specific examples of inconsistent testimony" (internal quotation marks and citation omitted)); *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be

5

meaningful."). Moreover, "we have never held that a demeanor finding alone is substantial evidence sufficient to support an adverse credibility determination." *Diallo v. Holder*, 399 Fed. Appx. 678, 679 (2d Cir. 2010).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court