Lin v. Barr

BIA
Loprest, IJ
A201 124 147

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand nineteen.

PRESENT:
    BARRINGTON D. PARKER,
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

ZHONGHUANG LIN,
        *Petitioner,*

    v.                                          17-3586
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Holly M. Smith,
                       Kohsei Ugumori, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Zhonghuang Lin, a native and citizen of the People's Republic of China, seeks review of an October 11, 2017, decision of the BIA affirming a February 1, 2017, decision of an Immigration Judge ("IJ") denying Lin's application for asylum and withholding of removal. *In re Zhonghuang Lin,* No. A201 124 147 (B.I.A. Oct. 11, 2017), *aff'g* No. A201 124 147 (Immig. Ct. N.Y. City Feb. 1, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's burden findings that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

One Year Bar

Under 8 U.S.C. § 1158(a)(2)(B), an alien is ineligible for asylum "unless the alien demonstrates by clear and

2

convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."   Our jurisdiction to review findings regarding the timeliness of an asylum application is limited to "constitutional claims or questions of law."   8 U.S.C. § 1252(a)(2)(D); *see* 8 U.S.C. § 1158(a)(3).   The agency erred as a matter of law in its determination that Lin failed to satisfy his burden of proving that he arrived in the United States within the year prior to filing his application in February 2011.

The agency errs as a matter of law when it "totally overlook[s]" or "seriously mischaracterize[s]" material facts. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). The IJ incorrectly determined that Lin failed to provide details of the circumstances of his arrival in the United States when Lin testified extensively and provided specific details of his travels from China to New York.   The IJ also erred in finding that Lin's sister-in-law's corroborating affidavit was not based on personal knowledge regarding Lin's arrival because she attested to having picked Lin up after he arrived in New York with the assistance of a human trafficker. Otherwise, the IJ relied on his adverse credibility determination, which as discussed below, is problematic.

3

Accordingly, the agency erred as a matter of law in pretermitting Lin's asylum application as untimely. *See* 8 U.S.C. §§ 1158(a)(2)(B), 1252(a)(2)(D); *Mendez*, 566 F.3d at 323.

Asylum and Withholding: Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). The agency's determination that Lin was not credible as to his claim that he was detained and beaten in China on account of his religious practice is not supported by substantial evidence.

Although the agency reasonably found Lin's demeanor problematic given his hesitant and evasive testimony, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005), the agency's findings that Lin's

4

testimony was inconsistent are not supported by the record. First, Lin's affirmative response to his attorney's leading question about whether he came to the United States to gain independence from his family and his testimony that he came to the country for fear of persecution were not inconsistent as those statements were not mutually exclusive. Further, Lin's testimony that police beat him with a baton was not inconsistent with his application statement that police slapped him in the face *and* hit him with a baton. Contrary to the IJ's finding that Lin submitted a letter from a fellow church member in China, but inconsistently testified that he stopped all communication with members of his unregistered church after his release from detention, Lin testified that he had maintained contact with one or two church members (he testified that he had no further contact with government cadres).

The IJ also erroneously found that "Lin took pains in his testimony to indicate that his congregation conducted its meetings in a clandestine manner in order to avoid police detection and that its members considered it 'very important' to keep all information about the congregation secret," and then testified inconsistently that he and other church members passed out religious flyers on the street. The IJ's

5

characterization of Lin's testimony is flawed. Lin testified that he told his classmates that he attended church and his only testimony that his church operated in secret resulted from his attorney's repeated leading questions. Therefore, given his testimony that he did not hide his religious practice from his classmates, his claim that he passed out flyers on the street was not incongruent.

The only discrepancy that has support in the record is a minor date discrepancy regarding whether a hotel receipt—used to establish that Lin was in China within one year of filing his asylum application—was dated February or March 2010. However, such an isolated and minor date discrepancy "need not be fatal to credibility." *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000).

Accordingly, the only error-free basis for questioning Lin's credibility was his demeanor, which we have stated may alone be insufficient to support an adverse credibility. *See, e.g.*, *Feng Lin v. Holder*, 433 F. App'x 39, 40 (2d Cir. 2011) (summary order). Although the IJ did not err in finding that Lin's corroborating evidence was insufficient to rehabilitate credibility, given the errors in the adverse credibility determination, it is not clear that his credibility needed rehabilitating. *See Biao Yang v.*

*Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *cf. Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) (discussing procedural safeguards the IJ must follow before relying on lack of corroboration to deny relief to a credible applicant). Because of the significant errors in the agency's inconsistency findings, we cannot "confidently predict" whether the agency would reach the same result absent the errors and remand is required. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court
```